UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
FOR THE SOUTHERN DIVISION OF ALABAMA

WESLEY C. JONES
   Petitioner

Vs.                                Case Number 2:07CV116-MEF
                                        To be supplied by Clerk

RICHARD ALLEN, Commissioner et al,         (CC-98-1436)
   Respondent

**HEBEAS CORPUS PETITION**

Comes now petitioner, Wesley C. Jones, pro se, before this Honorable Court and moves for an evidentiary hearing concerning the underlying indictment of the charge for which the petitioner was placed in front of a grand jury without proper process and statute language that would prohibit the charge of, First Degree Robbery for the reasons stated herein and this would constitute a jurisdictional issue for this court to review and grant such relief to correct the miscarriage of justice in this instant cause, and but not limited to a new trial, based upon the following;

1. The trial court was without jurisdiction to proceed to trial with a faulty indictment of which the elements was not met as codified in 13A-8-41.

2. The prosecution in this case did with prejudice maintain and withhold evidence that would have made the jury reach a different verdict.

3. The constitution of this state does not allow an indictment to proceed before a jury that the essential elements of that particular Title Section were not met or commissioned, during the commission of the crime alleged.

4. The constitutional laws of both the United States and of this state prohibits the continued incarceration of any person wrongly convicted in violation of the

constitutional laws and/or rights, or which was not convicted under the correct statute as set by legislature that the offense alleged and elements match.

## FACTS

On November 24, 1997, in the District Court of Mobile County, Alabama, the state prosecution held a Preliminary Hearing, and received testimony from the alleged victims of a robbery at the Winn-Dixie grocery store in Mobile.

Three of the witnesses testified before the court and indicated that (R-4 17) two black males come into the store… (R4 24) one of them approached me with a gun…, and went on to identify the perpetrators (R-6 1) Ms. Stock; Your Honor, this is **JASON JONES** . (R-6 12) Ms. Brock: This is **CARMECE KING,** your Honor. As the witnesses later determined that the petitioner was not in the store, did not posses a gun nor place any person in the danger of such activity, or as stated in the Title Section 13A-8-41, did with the intent to commit a theft, did over come, threat or did use physical force, or was armed with a deadly weapon, NONE of these witnesses ever indicated that the petitioner so much as spoke , approach or was definitely associated with any of the alleged perpetrators in the commission of this alleged offense. He was present at the scene and was identified by the store manager as being (R16 15) behind the store standing by his automobile, not partaking in any of the actions of the crime or was seen associated with any of the perpetrators known to have committed such act. The petitioner clearly should not have been charged with first degree robbery as the "co-defendants" were convicted of second degree robbery and third degree robbery, where in the elements were the same on the petitioners indictment that was brought before this court for a trial. The petitioner was very well

known not to have had any training in the field of law and depended upon the persons such as a bar member attorney and laymen assistance from other "jail house" Writ writers, which clearly misguided this petitioner and any previous filings could reflect the fact that the defect in the indictment should have been addressed before this court before now, The petitioner admits that he is still not versed in law, and would appeal to the courts patients and understanding that the miscarriage of justice which has been bestowed upon him should be corrected upon its discovery and being that this would be a direct jurisdictional issue an toll of time for addressing this issue is not a bar or has an expiration frame. This case should be re-tried on a lessor charge or vacated, not a lessor *included offense,* but charge.

## CASE SUPPORT

The United States Supreme Court, in **United States v DuBo**, 186 F.3d 1177, and **Neder v United States,** 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed. 2d 35 (1999), the Supreme Court, and the ninth Circuit, determined that the indictment must plead to a specific statutory language in each of the charges filed against the defendant. As such, there is specific language in each statute that must be identified to put a defendant on proper notice of what constitutes the charge of the grand jury.
In **United States v Cabrere-Terran**, 168 F3d 141, 143 (1999), The fifth Circuit has held that the failure of the indictment to charge each and every essential element of an indictment is a serious constitutional violation.

## CONCLUSION

The petitioner has not committed any of the necessary elements of the alleged offense and the prosecution knew this prior to grand jury proceedings and continue to

cover the misguided charging of the petitioner in so much as to continue to trial before a jury in the Circuit Court of Mobile, knowing that the petitioner did not participate to any degree alleged in the indictment of this cause, and there was no way of him knowing that the abuse of the prosecution to disclose to the petitioner that the actual perpetrators were in fact convicted of "lessor" charges than those alleged against this petitioner. Is this prosecutor misconduct? If not directly so it is close enough for this court to review the matter.

WHEREFORE THE FOREGOING CONSIDERD; it is prayed that this Honorable Court, ORDER, an evidentiary hearing in this matter and correct the injustice the prosecution has brought upon the petitioner and the undermining of this court.

Done this ___5___ day of ___Feb___, 2007.

Respectfully submitted,

Wesley Jones #205738
3800 Fountian 4-Dorm
Atmore, Alabama  36503

## CERTIFICATE OF SERVICE

I, hereby certify that a true and complete copy of the foregoing was forwarded to the following for notice of this filing to the same by placing the same in the United States Mail postage pre-paid and addressed as follows:

Hon. John Tyson, District Attorney
Criminal Justice Center
205 Government. Blvd
Mobile, Alabama 36644
Done this ___5___ day of ___Feb_____, 2007.

*Wesley Jones*
Wesley Q. Jones # 205738
3800 Fountain 4-Dorm
Atmore, Alabama 36503