IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| WESLEY C. JONES, #205 738 | * |
| Petitioner, | * |
| v. | *    2:07-CV-116-MEF (WO) |
| RICHARD ALLEN, COMMISSIONER, *et al.*, | * |
| Respondents. | * |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus filed by Petitioner on February 5, 2007.[1] In this petition, Petitioner challenges his conviction for first degree robbery entered against him by the Circuit Court for Mobile County, Alabama, on November 24, 1997. Petitioner is currently serving a 30-year term of imprisonment.

## DISCUSSION

This court, "in the exercise of its discretion and in furtherance of justice," may transfer Petitioner's application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" Petitioner. 28 U.S.C. § 2241(d). Petitioner

---

[1] Although the Clerk of this court stamped the present petition "filed" on February 7, 2007, Petitioner certified the petition for mailing on February 5, 2007. The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In light of the foregoing and for purposes of this Recommendation, the court considers February 5, 2007 as the date of filing.

seeks to challenge a conviction entered against him by the Circuit Court for Mobile County, Alabama. Mobile County is located within the jurisdiction of the United States District Court for the Southern District of Alabama. In light of the foregoing, the court concludes that the transfer of this case to such other court for review and disposition is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before March 7 , 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[2] A decision on Petitioner's application for *in forma pauperis* status and motion for evidentiary hearing are reserved for ruling by the United States District Court for the Southern District of Alabama.

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of February, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE